UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROGER BEVER,

Plaintiff,

v.

R.L. STIFF,

Defendant.

Civil No. 00-979 (JMR/JMM)

ORDER

Plaintiff, a former prisoner at the Federal Correctional Institution in Waseca, Minnesota, has filed a Complaint in which he alleges that Defendant violated his federal constitutional rights.[1] Plaintiff did not tender the requisite filing fee with his Complaint, but instead filed a self-styled motion seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated April 18, 2000, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (Docket No. 10), and the matter is therefore before the Court for the purpose of determining whether Plaintiff should be allowed to prosecute his claims as an IFP litigant.

---

[1] Plaintiff has recently advised the Court that he has been released from federal custody, and that he is presently free on bond, apparently while awaiting trial on criminal charges brought by the State of Missouri. (See Letter received July 26, 2000; Docket No. 9.) It should also be noted that Plaintiff's Complaint, (Docket No. 1), is actually labeled "Application for a writ of Habeas Corpus." It is readily apparent, however, that Plaintiff is not presently challenging the fact or duration of his custody, but rather the conditions of his confinement. His pleading has therefore been construed as a civil rights complaint. (See Order dated April 18, 2000, [Docket No. 4], p. 1, n. 1.)

FILED AUG 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

The Court finds that Plaintiff is eligible for IFP status, and his IFP application will therefore be GRANTED. This means that he will be allowed to bring the present action without pre-paying the full filing fee. However, he will remain liable for the unpaid balance of the filing fee -- in this case, $100.00. See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").[2]

Because IFP status has been granted, Plaintiff is entitled to have the named Defendant served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). A summons shall therefore be issued, and the U.S. Marshal will be directed to serve a copy of the summons and Plaintiff's pleading on the named Defendant, Richard L. Stiff. The Clerk of Court will be directed to make a copy of Plaintiff's pleading, (Docket No. 1), to be used for service of process on the named Defendant. The Marshal shall cause service to be made upon Defendant at the Federal Correctional Institution, Waseca, Minnesota.

The Court will defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) If service of process is effected on the named Defendant, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Complaint, so that Defendant will be apprised of his obligation to file a responsive pleading.

---

[2] As long as Plaintiff remains unimprisoned, his filing fee cannot be paid by way of deductions from a prison trust account, as prescribed by 28 U.S.C. § 1915(b)(2). However, the language used in § 1915(b)(1), and the Eighth Circuit's decision in Ashley make it clear that Plaintiff's release from custody does not extinguish his liability for the balance of the filing fee.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall remain liable for the unpaid balance of the filing fee for this action;

3. The Clerk of Court shall issue a summons, and shall make a copy of Plaintiff's pleading to be used for service of process on the named Defendant;

4. The Marshal shall cause service of process to be made on the named Defendant at the Federal Correctional Institution, Waseca, Minnesota, a copy of this Order shall be served together with the summons and Complaint; and

5. After Defendant is served, he shall be required to file a response to Plaintiff's pleading.

Dated: August 1, 2000

JOHN M. MASON
United States Magistrate Judge