UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROGER GALEN BEVER,

Plaintiff,

v.

R. L. STIFF,

Defendant.

CIVIL NO. 00-979 (JMR/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 16]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 16] be granted.

**FINDINGS OF FACT/REPORT**

Plaintiff filed the Complaint in this action while he was incarcerated at the Federal Correctional Institution at Waseca, MN ("FCI-Waseca").[1] The Complaint alleges that Plaintiff suffered a right inguinal hernia in 1998. According to Plaintiff, he was denied appropriate medication for his condition while at FCI-Waseca. Plaintiff also claims that he should have had surgery to treat his condition while at FCI-Waseca. He alleges that his Eighth Amendment rights have been violated by Defendant. The relief Plaintiff seeks for this Eighth Amendment violation is the payment of surgical costs required to correct his

[1] Petitioner was released from custody on May 15, 2000, approximately one month after filing the Complaint.

FILED MAY 09 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

hernia.[2]

On February 28, 2001, Defendant moved to dismiss the Complaint, or for summary judgment against Plaintiff. Plaintiff was ordered to file a response to Defendant's Motion no later than May 4, 2001, but failed to do so. See Docket No. 21. To date, Plaintiff has not filed any opposition to Defendant's Motion.

In the Court's Pretrial Scheduling Order, which was issued to the parties, the Court explicitly stated that "[i]f any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted." See Docket No. 15. Plaintiff was on notice that failure to respond to Defendant's Motion could result in the Court granting the Motion.

Rule 41(b) of the Federal Rules of Civil Procedure provides that failure of a plaintiff to prosecute or comply with any Court Order may result in dismissal of his case. "A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court." Haley v. Kansas City Star, 761 F.2d 489, 490-91 (8th Cir. 1985)(citing Fed. R. Civ. P. 41(b)(additional citations omitted). As a result of Plaintiff's failure to follow the Court's Order, his case is subject to involuntary dismissal pursuant to Rule 41(b).

In addition, dismissal is appropriate because "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999)(citing Will v. Michigan Dept. of State Police,

---

2

Plaintiff also requested that the Court order Defendant to provide "surgical relief" prior to Plaintiff's release from FCI-Waseca. In light of the fact that Plaintiff has been released, this prayer for relief is moot.

491 U.S. 58 (1989)). The Complaint in this action is silent as to the capacity in which Defendant is sued, so we must construe it as alleging only official capacity claims. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(citations omitted). Plaintiff's request for monetary damages is barred by the Eleventh Amendment. Because application of the Eleventh Amendment results in the dismissal of Plaintiff's Complaint, the Court need not reach the other substantive arguments advanced by Defendant.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss or for Summary Judgment [Docket No. 16] be granted.

Dated: May 8, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 23, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.